THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

RINKY DINK, INC. d/b/a PET STOP,

CASE NO. C14-0268-JCC

10

Plaintiff,

ORDER ON JOINT LCR 37
DISCOVERY MOTION

11

v.

12

WORLD BUSINESS LENDERS, LLC,

13

Defendant.

14

15   This matter comes before the Court on motion of Defendant World Business Lenders,

16   LLC ("WBL") for a protective order (Dkt. No. 27). Having considered the parties' joint briefing

17   and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

18   **I.      BACKGROUND**

19   Plaintiff Rinky Dink, Inc. brings this proposed class action suit against Defendant WBL

20   for alleged telemarketing. In its complaint, Plaintiff states that on October 16, 2013, it received a

21   pre-recorded telemarketing call made by or on behalf of Defendant. Dkt. No. 1, Exhibit 1, p. 3.

22   Plaintiff alleges that, by using an Automatic Dialing and Announcing Device ("ADAD"),

23   Defendant violated the Washington Automatic Dialing and Announcing Device Statute

24   ("WADAD"), RCW 80.36.400, and—by design—the Washington Consumer Protection Act

25   ("WCPA"), RCW 19.86 *et seq*. Plaintiff brings suit on its own behalf and as a class

26   representative for similarly situated businesses. *Id.* at 1. The class has not been certified, and the

1   parties are conducting discovery for certification motions. *See* Dkt. No. 30.

2           In the current discovery dispute, Defendant both (1) objects to several production

3   requests and (2) seeks a protective order barring Plaintiff from using identifying information to

4   "solicit new clients or class plaintiffs." Dkt. No. 27, pp. 1, 10. Defendant proposes "a reasonable

5   compromise" by disclosing the requested information subject to a protective order. *Id.* at 10.

6   **A.   Identifying Information on which a Protective Order is Sought**

7           Defendant either objects to producing, or seeks a protective order limiting Plaintiff's use

8   of, the following:

9       a)  <u>Plaintiff's Request for Production No. 3</u>: Requesting any documentation identifying

10          the names, addresses, telephone numbers, and email addresses of persons to whom

11          calls were made from December 20, 2009 to present. Defendant objects on the basis

12          that the request is overly broad and "contact information for potential class members

13          is improper pre-certification."

14      b)  <u>Plaintiff's Request for Production No. 5</u>: Requesting all documentation demonstrating

15          consent by Plaintiff or any class member to receive calls from Defendant or its third

16          party agents. Defendant objects on the basis that "contact information for potential

17          class members is improper pre-certification."

18      c)  <u>Plaintiff's Request for Production No. 6</u>: Requesting all documentation demonstrating

19          an established business relationship between Defendant—or its third party agents—

20          and Plaintiff or any class member. Defendant objects on the basis that the request is

21          vague and ambiguous.

22      d)  <u>Plaintiff's Request for Production No. 12</u>: Requesting copies of all communication

23          between Defendant and its third party agents regarding the automated calls made to

24          Plaintiff and any class members. Defendant objects on the basis that "contact

25          information for potential class members is improper pre-certification."

26      e)  <u>Plaintiff's Request for Production No. 13</u>: Requesting all documentation in which a

1    third party provided Defendant with information regarding the calls in issue, e.g. the

2    date that calls were made, the numbers and area codes called, and the names and

3    addresses of persons called. Defendant objects on the basis that "contact information

4    for potential class members is improper pre-certification."

5    f)   Plaintiff's Request for Production No. 15: Requesting documentation, databases, and

6         contact information for persons who requested that Defendant or its third party agents

7         cease making automated calls to them. Defendant objects on the basis that "contact

8         information for potential class members is improper pre-certification."

9    g)   Plaintiff's Request for Production No. 21: Requesting documentation referring or

10        relating to the number of subscribers who receive the calls. Defendant objects on the

11        basis that the request is overly broad and "contact information for potential class

12        members is improper pre-certification."

13   h)   Interrogatory No. 3:

14        d.   Requesting information about the "person(s) and/or entities called."

15             Defendant objects on the basis that "contact information for potential class

16             members is improper pre-certification."

17   i)   Interrogatory No. 13: Requesting all persons known to have asked Defendant and its

18        third party agents to cease contacting them. This includes grievances made via email,

19        mail, telephone, or submitted to government or consumer protection agencies such as

20        the Better Business Bureau. Defendant objects on the basis that "contact information

21        for potential class members is improper pre-certification."

22   Dkt. 27, pp. 4–10.

23        Plaintiff responds that the requested information is not only validly discoverable, but that

24   Defendant has not met the burden for imposing a protective order. *Id.* at 12–20. Of particular

25   importance, Plaintiff argues, is the need to investigate affirmative defenses raised by Defendant.

26   *Id.* at 15. The Court agrees.

1   **II.    DISCUSSION**

2        **A.     Disclosure of Identifying Information**

3        While both parties devote significant argument to whether the identifying information is

4   appropriately discoverable, the issue is not in dispute. Defendant has already produced the

5   requested information. Defendant's contention that this information is otherwise inappropriate

6   for discovery is, however, misguided. The Federal Rules of Civil Procedure favor broad pre-trial

7   discovery. *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). Information "reasonably

8   calculated to lead to the discovery of admissible evidence" is discoverable. *Surfvivor Media, Inc.*

9   *v. Survivors Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (internal citation omitted). District courts

10  are afforded broad discretion in determining what is relevant and discoverable. *Id.*

11       The identifying information of actual and potential class members is discoverable pre-

12  certification where relevant to the prosecution of the class action and the claims at issue. *See, e.g.*

13  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101–2 (1981); *Gilman v. ER Solutions, Inc.*, No. C11-

14  0806-JCC (Dkt. No. 67), at *4 (W.D. Wash. Feb. 3, 2012); *Agne v. Papa John's Int'l*, No. C10-

15  1139-JCC (Dkt. No. 183), at *6–7 (W.D. Wash. Dec. 20, 2011); *Martin v. Bureau of Collection*

16  *Recovery*, No. C10-7725, 2011 WL 2311869 at *4 (N.D. Ill. June 13, 2011). Where, as here,

17  Plaintiff must investigate common claims and affirmative defenses, the Court finds information

18  that identifies actual and potential class members relevant and discoverable.

19       **B.     Defendant's Proposed Protective Order**

20       For good cause, the Court may issue a protective order to prevent "annoyance,

21  embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The party

22  moving for a protective order bears "a heavy burden" of showing that "specific prejudice or

23  harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331

24  F.3d 1122, 1130 (9th Cir. 2003) (internal citation omitted). "[T]he mere possibility of abuses

25  does not justify [the] adoption of a communications ban that interferes with the formation of a

26  class or the prosecution of a class action . . ." *Gulf Oil*, 452 U.S. at 104. Key to the Court's

1    inquiry is whether the moving party has demonstrated a "clear record" and "specific findings"

2    establishing the need for a protective order. *Id.*

3           Defendant argues that the danger of "soliciting new clients or class members" justifies

4    the imposition of a protective order. Dkt. No. 27, p. 21–2. Defendant claims this request is

5    narrow: "both specific as to scope and . . . a reasonable limitation on the solicitation of

6    plaintiffs." *Id.* at 22. However, Defendant refuses to specify what actions it would consider

7    "solicitation," instead repeating its general request that solicitation of new clients be prohibited.

8    *Id.* at pp. 2, 3, 10, 20, 22, 24. The blanket prohibition on communication Defendant seeks is

9    functionally the same as that overturned by *Gulf Oil*, 452 U.S. at 101, 104. The only request the

10   Court finds in the pleadings is that Plaintiff be barred from the written solicitation otherwise

11   authorized under Washington Rule of Professional Responsibility ("RPC") 7.3. Dkt. No. 27, p. 2,

12   n.1. This protection is not justified by a clear record or specific finds.

13           Defendant's request conflates improper solicitation of legal clients for other, new cases

14   with the need to communicate with potential class members in the present case.

15         i.    *The Solicitation of New Legal Clients is Governed by the Rules of Professional Responsibility*

16       The Court agrees that Plaintiff's attorneys may not use identifying information to solicit

17   new legal clients outside this present case. Such solicitation would not only be irrelevant to this

18   discovery, but also a potential violation of the Washington RPCs. *See* Wash. R. Prof. Con. 7.3.

19   Defendant has not established a clear record or specific findings to indicate such activity is

20   likely. Rather, Plaintiff's counsel indicates that it trains its staff with particular care to follow

21   applicable RPCs. Dkt. No. 29, p. 1.

22        i.    *The Solicitation of New Class Members is a Necessary Element of Class Action Prosecution*

23       Defendant essentially argues that communicating with potential class members

24   constitutes the solicitation of new legal clients. In so doing, Defendant cites an order in which

25   this Court cautioned parties that identifying information was "not [to be] used for any other

26   purpose besides development of this case." *Agne v. Papa John's Int'l, Inc.*, C10-cv-01139-JCC,

1   at *6 (W.D. Wash. Dec. 20, 2011). Defendant misrepresents the Court's holding when it argues:

2   "[by] barring plaintiffs from using the information other than for 'case development' purposes,"

3   the Court "implicitly" prohibited communication with potential class members. Dkt. No. 27, p.

4   24. However, in a class action lawsuit, "case development" necessarily includes efforts by the

5   plaintiff "to inform potential class members of the existence of [the] lawsuit," and "to obtain

6   information about the merits of the case from the persons they [seek] to represent." *Gulf Oil*, 452

7   U.S. at 101. By Defendant's logic, nearly all class action litigation violates the RPCs.

8          **C.      Disclosures and Instructions**

9          It is ORDERED that any remaining discovery listed in Part I(A), *supra* is to be produced,

10  with two exceptions: Plaintiff's Request for Production No. 13 and Interrogatory No. 3(d).

11  Specifically:

12      a)  <u>Plaintiff's Request for Production No. 3</u>: Defendant is ordered to provide the

13          requested documentation from December 20, 2009 to present. Defendant is not

14          required to produce documentation on behalf of third parties Live Transfer or Raut

15          Media.

16      b)  <u>Plaintiff's Request for Production No. 5</u>: Defendant is ordered to provide all

17          documentation demonstrating prior express consent by persons called from December

18          20, 2009 to present.

19      c)  <u>Plaintiff's Request for Production No.6</u>: Defendant is ordered to provide all

20          documentation regarding which class members, if any, used or inquired about

21          Defendant's services (establishing a relationship) from December 20, 2009 to present.

22      d)  <u>Plaintiff's Request for Production No. 12</u>: Defendant is ordered to provide all

23          documentation of communication between Defendant and the third parties listed in

24          Interrogatory No. 9 relating to the automated calls received by Plaintiff and any class

25          members.

26      e)  <u>Plaintiff's Request for Production No. 13</u>: The Court finds this request duplicative of

1    Request for Production No. 12 and therefore finds production unnecessary. Fed. R.

2    Civ. P. 26(b)(2)(C)(i).

3    f)   Plaintiff's Request for Production No. 15: Defendant is ordered to provide all

4        documentation regarding persons who requested that Defendant or its third party

5        agents cease making automated calls to them.

6    g)   Plaintiff's Request for Production No. 21: Defendant is ordered to provide all

7        documentation establishing the total number of subscribers who received automated

8        calls from Defendant or its third party agents from December 20, 2009 to present.

9    h)   Interrogatory No. 3:

10       d.   The Court finds this request duplicative of Request for Production No. 3 and

11            therefore finds production unnecessary. Fed. R. Civ. P. 26(b)(2)(C)(i).

12   i)   Interrogatory No. 13: Defendant is ordered to provide all documentation of

13       grievances filed by persons known to have asked Defendant and its third party agents

14       to cease contacting them. To the extent that Defendant possesses records of

15       grievances filed to government agencies or consumer protection agencies, Defendant

16       is ordered to provide such documentation.

17   While Plaintiff may use this information to investigate claims and develop its case pre-

18   certification, this information is to be kept strictly confidential and redacted if used in any court

19   submissions. *See Agne v. Papa John's Int'l, Inc.*, C10-cv-01139-JCC, at *6 (W.D. Wash. Dec.

20   20, 2011). The parties are reminded that they are bound by all Washington RPCs. The parties are

21   further reminded of the stipulated protective order already approved by the Court. Dkts. No. 17,

22   18. In that protective order the parties agreed to use confidential materials "only for prosecuting,

23   defending, or attempting to settle this litigation." Dkt. No. 17, p. 3.

24   **III.   CONCLUSION**

25   For the foregoing reasons, Defendant's motion for a protective order and any remaining

26   objections to discovery disclosures (Dkt. No. 27) are DENIED. Defendant is ORDERED to

ORDER ON JOINT LCR 37 DISCOVERY
MOTION
PAGE - 7

1  produce any remaining discovery.

2         DATED this 23rd day of October 2014.

3

4

5

6

7

8  _____

9  John C. Coughenour
   UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26